# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Betty Stanford Merck,<br><br>           Debtor.<br><br>Betty Stanford Merck,<br><br>           Plaintiff,<br><br>v.<br><br>Debra Galloway, Galloway Law Firm, LLC, and the Honorable Jacqueline Belton,<br><br>           Defendants. | C/A No. 11-06293-DD<br><br>Adv. Pro. No. 12-80139-DD<br><br>Chapter 7<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING ADVERSARY PROCEEDING AS TO THE HONORABLE JACQUELINE BELTON** |

  This matter is before the Court on a Motion for Preliminary Injunction ("Motion") filed by Betty Stanford Merck ("Plaintiff") on April 23, 2012. A response to Plaintiff's Motion and request to dismiss the Honorable Jacqueline Belton ("Defendant Belton") from the adversary proceeding was filed by Defendant Belton on May 1, 2012. A hearing was held on May 2, 2012. At the conclusion of the hearing, the Court denied Plaintiff's Motion and dismissed the adversary proceeding as to Defendant Belton. The Court now issues this Order.

  Plaintiff is an elderly, incapacitated individual incapable of managing her own affairs. In May 2011, Plaintiff's daughter, Jan Wendleton, sought an order from the Richland County Probate Court declaring Plaintiff incapacitated and appointing her as conservator for Plaintiff. That Order was entered in June 2011, and Debra Galloway was appointed as Guardian Ad Litem ("GAL") for Plaintiff. Ms. Galloway was awarded fees as a result of her actions as GAL for Plaintiff, and in August 2011, Defendant Belton issued an Order directing that the GAL fees were to be paid. Ms. Wendleton filed a chapter 7 bankruptcy case on behalf of Plaintiff on

October 7, 2011. At that time, the GAL fees were unpaid, and remained unpaid at the May 2 hearing on Plaintiff's Motion. Plaintiff received a discharge in her chapter 7 bankruptcy case on February 7, 2012.

This adversary proceeding was filed on April 13, 2012, alleging that the defendants willfully violated the discharge injunction under 11 U.S.C. § 524(a) and seeking an injunction and sanctions against the defendants. Counsel was retained by Richland County to represent Defendant Belton and appeared at the hearing, along with Ms. Galloway and counsel for Plaintiff. Defendant Belton's counsel raised, among other arguments, a defense of judicial immunity and requested that Defendant Belton be dismissed as a party to the adversary.

Judges are entitled to immunity from suit under certain circumstances. In determining whether a judge is entitled to immunity, two factors must be considered. The first consideration is whether at the time the action being challenged occurred, she had jurisdiction over the subject matter before her. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992). When considering whether a judge is entitled to immunity, her jurisdiction must be construed broadly. *Stump*, 435 U.S. at 356; *King*, 973 F.2d at 357. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). In this case, Judge Belton clearly had jurisdiction over the matters before her. Probate judges have concurrent jurisdiction with the family court over matters relating to conservatorships. S.C. Code § 62-1-302(c). All actions taken by Defendant Belton were related to the conservatorship and with a view toward facilitating progress and resolution in the action. Defendant Belton had subject matter jurisdiction over the matters at issue.

The second factor that must be considered in an immunity determination is whether the judge was acting within the scope of her judicial duties at the time the action complained of occurred. *See Stump*, 435 U.S. at 361. In determining whether an act is "judicial", the court should look both to the nature of the act itself and the expectations of the parties.[1] *Stump*, 435 U.S. at 362; *King*, 973 F.2d at 357. The actions complained of are all actions typically performed by a judge in the exercise of her judicial duties, and clearly the parties were aware that they were dealing with a judge in a judicial capacity. Based on the facts set forth in Plaintiff's Complaint and stated on the record at the hearing, it appears that Defendant Belton was at all times acting within her capacity as a judicial officer.

Defendant Belton had jurisdiction over the conservatorship action and matters relating to it, and all actions complained of in this adversary proceeding occurred while Defendant Belton was acting within the scope of her judicial duties. Defendant Belton is entitled to judicial immunity. As a result, Plaintiff's Motion is denied, and Defendant Belton is dismissed as a party to the adversary proceeding.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/07/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

---

[1] "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.