# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Betty Stanford Merck,<br><br>            Debtor. | C/A No. 11-06293-DD<br><br>Adv. Pro. No. 12-80139-DD<br><br>Chapter 7 |
| Betty Stanford Merck,<br><br>            Plaintiff,<br><br>v.<br><br>Debra Galloway, Galloway Law Firm, LLC, and the Honorable Jacqueline Belton,<br><br>            Defendants. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING ADVERSARY PROCEEDING AS TO DEBRA GALLOWAY AND THE GALLOWAY LAW FIRM, LLC** |

This matter is before the Court on a Motion for Preliminary Injunction ("Motion") filed by Betty Stanford Merck ("Plaintiff") on April 23, 2012. No response to the Motion was filed by Debra Galloway or the Galloway Law Firm, LLC. A hearing was held on May 2, 2012. At the conclusion of the hearing, the Court denied Plaintiff's Motion and dismissed the adversary proceeding as to all defendants. The Court now issues this Order.

Plaintiff is an elderly, incapacitated individual incapable of managing her own affairs. In May 2011, Plaintiff's daughter, Jan Wendleton, sought an order from the Richland County Probate Court declaring Plaintiff incapacitated and appointing her as conservator for Plaintiff. That Order was entered in June 2011, and Ms. Galloway was appointed as Guardian Ad Litem ("GAL") for Plaintiff. Ms. Galloway was awarded fees as a result of her actions as GAL for Plaintiff, and in August 2011, the Honorable Jacqueline Belton issued an Order directing that the GAL fees were to be paid. Ms. Wendleton filed a chapter 7 bankruptcy case on behalf of Plaintiff on October 7, 2011. At that time, the GAL fees were unpaid, and remained unpaid at

the May 2 hearing on Plaintiff's Motion. Plaintiff received a chapter 7 discharge on February 7, 2012.

This adversary proceeding was filed on April 13, 2012, alleging that the defendants willfully violated the discharge injunction under 11 U.S.C. § 524(a) and seeking an injunction and sanctions against the defendants. Ms. Galloway appeared on behalf of herself and the Galloway Law Firm, LLC at the May 2 hearing and argued that she had not violated the discharge injunction because at no time had she attempted to recover the discharged debt from Plaintiff. Instead, Ms. Galloway argued, Ms. Wendleton was the sole party from which collection was attempted.

> In order to prevail on a motion for preliminary injunction, the movant must demonstrate:
>
> that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). *See also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *judgment vacated on other grounds by* 130 S. Ct. 2371 (2010). With respect to the first element, that Plaintiff is "likely to succeed on the merits," she must make a "clear showing" of the likelihood of success. *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff has not met this requirement. Plaintiff's Complaint and Motion do not show a likelihood of success on the merits. There is no evidence indicating that Ms. Galloway ever attempted to collect her GAL fees from Plaintiff; instead, Ms. Galloway asserted at the hearing that all of her collection efforts were directed at Ms. Wendleton, the conservator, a non-debtor, and a non-party to this adversary. Ms. Wendleton did not receive any protection from the automatic stay in Plaintiff's bankruptcy case or from Plaintiff's discharge,

and efforts to collect from her do not violate the discharge injunction. Plaintiff has not shown that she is likely to succeed on the merits.

Further, Plaintiff argues that the irreparable harm she will suffer if her Motion is not granted is that she will be forced to incur additional attorney's fees and costs and may be forced to pay the GAL fees. Plaintiff also contends that Ms. Wendleton may be forced to travel to South Carolina from Kansas City repeatedly if the Motion is not granted, subjecting her to a potential loss of her job. First, there is no evidence that Ms. Wendleton's job will be threatened if a preliminary injunction is not granted. Plaintiff's counsel merely states that it is "possible" "if" Ms. Wendleton has to repeatedly travel to South Carolina. Additionally, this potential harm relates to Ms. Wendleton, not Plaintiff. A possible loss of a job by a third party, contingent on the occurrence of other events, is not a sufficient showing of irreparable harm to this Plaintiff.

The other harm Plaintiff claims she will suffer is not irreparable. Courts have frequently held that a mere potential for economic loss cannot be characterized as irreparable, as it can be compensated by monetary damages. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994); *Nutrition & Fitness, Inc. v. Progress Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *2 (E.D.N.C. Apr. 27, 2012); *In re Blair*, No. 99-08835-W, Adv. No. 99-80410-W, 2000 WL 33710890, at *3 (Bankr. D.S.C. Jan. 25, 2000) (quoting *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994)). Here, Plaintiff's attorney's fees and costs and her payment of GAL fees, if determined to be in error, are amounts capable of determination, and Plaintiff could be adequately compensated for any loss by a monetary judgment. Plaintiff has not shown that irreparable harm is likely to result if her Motion is denied. Because Plaintiff has failed to establish two of the elements necessary for the granting of a preliminary injunction, her Motion is denied.

At the May 2 hearing on Plaintiff's Motion, the Court inquired as to the relief sought by the parties.  As discussed above, Ms. Galloway indicated to the Court that she had made no attempt to collect her GAL fees from Plaintiff, and that representation was not contested. Further, it appears there are significant ongoing issues with respect to the open conservatorship action in probate court, including, but not limited to, the available sources of the payment of the GAL fees.  The probate court has concurrent jurisdiction to determine the effect of Plaintiff's discharge and the extent to which it protects third parties.  State courts are frequently called upon to examine federal law and give effect to it under the United States Constitution's Supremacy Clause. The Court finds it appropriate to abstain under 11 U.S.C. § 1334(c) "in the interest of comity with State courts or respect for State law."   As a result, this adversary proceeding is dismissed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/07/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/07/2012